

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00037-CV

IN THE MATTER OF T.S., A JUVENILE

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 5112

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

Appellant, a juvenile, has appealed the trial court's waiver of jurisdiction and transfer order. Counsel for appellant has now filed a motion to dismiss this appeal. Although the motion was signed by appellant and his counsel, the motion does not demonstrate that appellant has waived his right of appeal in accordance with Section 51.09 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 51.09. Under the Texas Family Code, a juvenile has a right to appeal orders "respecting transfer for prosecution of the child as an adult." TEX. FAM. CODE ANN. § 56.01(c)(1)(A). Section 51.09 provides that any constitutional or statutory rights granted to a juvenile may be waived if: "(1) the waiver is made by the child and the attorney for the child; (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it; (3) the waiver is voluntary; and (4) the waiver is made in writing or in court proceedings that are recorded." TEX. FAM. CODE ANN. § 51.09.

Although the motion to dismiss complies with Rule 42.1 of the Texas Rules of Appellate Procedure, the rule does not address whether a juvenile who has exercised his statutory right to appeal by filing a notice of appeal must thereafter waive that right in accordance with Section 51.09 of the Texas Family Code. *See* TEX. R. APP. P. 42.1. We agree with our sister courts that have required, in this circumstance, an affirmative waiver of the juvenile's right to appeal in accordance with Section 51.09. *See In re A.S.H.*, 619 S.W.3d 299, 301 (Tex. App.—Amarillo 2020, no pet.); *In re J.Z.*, No. 08-19-00049-CV, 2019 WL 3812365, at *1 (Tex. App.—El Paso Aug. 14, 2019, no pet.) (mem. op.) (concluding that a motion to dismiss including waiver language and signed by the juvenile sufficiently showed waiver per Section 51.09); *In re C.A.*,

2

Nos. 02-19-00060-CV, 02-19-00061-CV, 2019 WL 1716337 at *1 n.1 (Tex. App.—Fort Worth Apr. 18, 2019, no pet.) (per curiam) (mem. op.) (granting voluntary motions to dismiss after remanding to the trial court to determine whether the juvenile waived his right to appeal); *In re C.G.*, No. 05-16-00288-CV, 2016 WL 1756785, at *1 (Tex. App.—Dallas May 2, 2016, no pet.) (mem. op.) (dismissing appeal pursuant to appellate Rule 42.1 after the juvenile waived his right to appeal on remand before the trial court).

We have considered appellant's "Motion to Dismiss Appeal," which was signed by appellant's counsel and appellant. However, because it is not clear from the motion or the record in this case that appellant waived the right to appeal either in writing or on the record in the trial court in accordance with Section 51.09, we cannot grant the motion at this time.

We, instead, abate this appeal to the trial court. The trial court shall immediately conduct a hearing with appellant, appellant's parent(s) or guradian(s), and counsel present. *See In re B.K.M.*, No. 01-02-00827-CV, 2003 WL 360935, at *1 (Tex. App.—Houston [1st Dist.] Feb. 13, 2003, no pet.) (mem. op.). At this hearing, the trial court shall ensure, in accordance with Section 51.09, that appellant and his counsel are informed of and understand the right of appeal and the possible consequences of waiving the right of appeal and dismissing the appeal and then determine, on the record, whether appellant desires to prosecute or dismiss this appeal.

The trial court shall cause the reporter's record of this hearing to be filed in this Court as a supplemental reporter's record within ten days of the date of the hearing. If necessary, the trial court shall also cause a supplemental clerk's record to be filed in this Court within ten days of the date of the hearing.

3

Upon receipt of the entire supplemental record, we will automatically reinstate this appeal without further order.

IT IS SO ORDERED.

BY THE COURT

Date:   September 14, 2022